Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50178 | **DATE** | 6/18/2003 |
| **CASE TITLE** | Smith vs. Sterns, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the attached memorandum opinion and order, Plaintiff's Motion to Compel is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JUN 19 2003 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | 6/18/2003 date mailed notice |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| ROSE MARIE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 50178 |
| | ) | |
| WARDEN JERRY STERNES, ASSISTANT | ) | Philip G. Reinhard |
| WARDEN STEVE WENNMAKER, | ) | P. Michael Mahoney |
| ASSISTANT WARDEN CYNTHIA | ) | |
| WILLIAMS, MARY RASMUSSEN, | ) | |
| Correctional Officer MARSHALL and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Rose Marie Smith ("Plaintiff") filed, on April 24, 2003, a Motion to Compel Production ("Motion to Compel") requesting an order compelling Warden Jerry Sternes, Assistant Warden Steve Wennmaker, Assistant Warden Cynthia Williams, Mary Rasmussen, Correctional Officer Marshall and John Doe (collectively "Defendants") to produce certain documents and respond to certain interrogatories. Defendants filed Defendants' Response to Motion to Compel ("Defendants' Response") on May 19, 2003. Plaintiff filed Plaintiff's Reply Brief in Support of her Motion to Compel ("Plaintiff's Reply") on May 21, 2003. For the following reasons, Plaintiff's Motion to Compel is granted in part and denied in part.

## Background

On May 26, 2000, while incarcerated at Dixon Correctional Center in Dixon, Illinois, Plaintiff alleges that she was taken from her cell in the middle of the night and raped by a correctional officer. (Compl. at ¶1). On August 10, 2001, Plaintiff filed a nine count complaint

against Defendants alleging: an Eighth Amendment violation for rape (Count I); Failure to protect Plaintiff in violation of her Eighth Amendment rights (Counts II & III); Assault and Battery (Count IV); Sexual Abuse (Count V); Intentional Infliction of Emotional Distress (Count VI); Negligent Failure to Protect (Counts VII & VIII); and Due Process Violation (Count IX).

On September 30, 2002, Defendants' counsel produced to Plaintiff's counsel a document entitled "Defendants' Rule 26(a)(1) Disclosures." ("Pl.'s Mot. to Compel at 1). Plaintiff's counsel alleges that, although Defendants submitted a document listing the documents that were going to be disclosed, no documents accompanied the list. On October 24, 2002, Plaintiff's counsel allegedly produced to Defendants' counsel Plaintiff's Rule 26(a)(1) disclosures accompanied by approximately nine hundred pages of documents. (*Id*. at 2). Also on October 24, 2002, delivered with Plaintiff's Rule 26(a)(1) disclosures, Plaintiff allegedly served Defendants' counsel with Plaintiff's Request for Production of Documents. (*Id.*). Defendants served their responses to Plaintiff's Request for Production of Documents on December 18, 2002, allegedly objecting to paragraphs nine through thirteen.

A. *Plaintiff's Motion to Compel*

Plaintiff first seeks certain documents that Defendants listed in their Rule 26(a)(1) disclosures that Defendants have allegedly yet to produce. Specifically, in paragraph B of Defendants' Rule 26(a)(1) disclosures, Plaintiff seeks documents related to Internal Affairs investigative reports and a photo array. Defendants' paragraph B disclosure states:

> A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that relevant to disputed facts alleged with particularity in the pleadings:
> 1) Plaintiff's Master File.

2

> 2) Plaintiff's Medical Records File.
> 3) Internal affairs investigative report previously viewed in camera and partially disclosed by prior discovery.
> 4) Grievance Log Dixon Correctional Center July 3, 2000/ August 8, 2001.
> 5) Photo array from prior photo examination at Pontiac Correctional Center (2002).
> 6) Records previously produced by the parties to this action.

(Defs' Rule 26 (a)(1) Disclosures at 3). In regards to paragraph (B)(3), Plaintiff argues that while this Court previously ruled that the report need not be produced in response to Plaintiff's emergency motion for limited discovery, this Court never suggested that the report be withheld indefinitely. In Count nine of Plaintiff's complaint, Plaintiff alleges Defendants violated her Due Process rights by sabotaging the investigation of her rape. Plaintiff argues the contents of the investigation reports may therefore be relevant to her underlying allegations. (Pl.'s Mot. to Compel at 5).

As for paragraph (B)(5) of Defendants' Rule 26(a)(1) disclosures, Plaintiff argues that the photo array is relevant as Plaintiff asserts that Defendants intend to argue that Plaintiff failed to identify her attacker from the array. However, Plaintiff asserts that her counsel has never had the opportunity to determine whose pictures were shown to Plaintiff in that array or to match the faces with the names of the guards in the array. (*Id.*). Without this information, Plaintiff argues, Plaintiff's counsel will have no way of knowing if the array included the person who may have allegedly raped Plaintiff.

Plaintiff next seeks certain documents that were requested in Plaintiff's Request for Production of Documents. Specifically, Plaintiff seeks documents requested in paragraphs nine through eleven. These paragraphs state:

3

> 9. Psychological, psychiatric, and other similar tests, policies or procedures, or other similar documents, used to screen males who apply for employment or who are being considered for assignment to positions in which male correctional employees may come in contact with female prisoners.
>
> 10. All disciplinary reports, investigative reports, incident reports, grievances, internal affairs investigations, and other similar documents which refer to or reflect any allegation of sexual contact between female prisoners and male correctional employees in the Illinois Department of Corrections from May, 1995 through May 25, 2000.
>
> 11. All studies, investigations, reports, and other similar documents which refer to or reflect the incidence of sexual contact between female prisoners and male correctional employees during the period of May, 1995 through May 25, 2000.

(Pl.'s Req. for Produc. of Docs. at 2-3). Plaintiff argues that the above stated requests relate to policies designed to protect female prisoners from being raped by male guards. Specifically, with regards to paragraph nine, Plaintiff argues that documents pertaining to psychological screening of guards are relevant because, given the alleged documented history of male guards sexually abusing female prisoners,[1] such documents are necessary to determine whether Defendants have taken any steps to ensure that the males who they assign to guard female prisoners are psychologically stable. (Pl.'s Mot. to Compel at 6).

As for paragraph ten, Plaintiff argues that prior incidents of sexual abuse are relevant to the instant case because such prior incidents of rape, and Defendants' knowledge of those incidents, forms the very basis of Plaintiff's failure to protect claim. Lastly, Plaintiff argues that

---

[1] *See e.g., All Too Familiar: Sexual Abuse of Women in U.S. State Prisons* (Human Rights Watch) 1996; *Not Part of My Sentence: Violations of the Human Rights of Women in Custody* (Amnesty International) 1999.

4

documentation regarding studies of prior sexual abuse, as requested in paragraph eleven, is relevant because those studies again are relevant to Plaintiff's failure to protect claim. Plaintiff also contends that if Defendants have no such documentation then such information is also relevant given the alleged documented problems with male guards sexually abusing female prisoners. (Pl.s Mot. to Compel at 7).

B. *Defendants' Response*

Defendants initially object to request numbers ten and eleven as being irrelevant, overly broad, unduly burdensome, and security sensitive. (Defs' Resp. at 2). Defendants argue the requests are overly broad because they request documents with respect to all twenty-seven department facilities housing over forty three thousand inmates. These requests would also involve a search of thousands of documents throughout the state. With regards to Defendants' unduly burdensome argument, Defendants argue that a time frame of five years, as asked for in Plaintiff's requests, is excessive because document retention over such a time period would require extensive searches for historical documents not readily available. Between May 1995 and May 2000, Defendants assert that female offenders were housed at six different facilities, with the number of female offenders varying from two thousand one hundred in 1995, to two thousand nine hundred fifty in 2000.

However, Defendants do acknowledge that the IDOC has a list of cases involving allegations of sexual assaults between correctional officers and female prisoners, but that the time period the list encompasses is unknown. Further, confidential materials would need to be redacted

before Plaintiff's counsel could be in possession of such material.[2]

## Discussion

Federal Rules of Civil Procedure 26(b) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37(a)(2)(B) enforces this obligation by providing "... if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted or, ... the discovering party may move for an order ... compelling inspection in accordance with the request ." Fed. R. Civ. P. 37(a)(2)(B).

In order to properly determine whether Plaintiff's requests are discoverable, this Court first turns to Plaintiff's complaint, which contains an Eighth Amendment and failure to protect claim. The Eighth Amendment imposes a duty on prison officials to "take reasonable steps to protect prisoners from attacks by other prisoners." *Birch v. Jones*, 2003 WL 21210107, at *2 (N.D. Ill. May 21, 2003)(citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). While not every inmate-on-inmate attack raises the specter of a constitutional violation, an Eighth Amendment violation does exist

---

[2] As an additional matter, Defendants state in their response that if this Court does grant Plaintiff's Motion to Compel as to Request number ten and eleven then Defendants request the protective order in place should be modified. Defendants "voice concern over the wholesale production of IDOC documents to Plaintiff's counsel. While not meant to be a personal attack of particular counsel, but rather an awareness of the reality of the type of law practiced by the office, Defendants do not believe warehousing or stockpiling IDOC discovery documents for other litigation would be appropriate." (Defs' Resp. at 3-4).

6

where there is "deliberate indifference[3] by prison officials [which] effectively condones the attack by allowing it to happen." *Id.* (citing *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996)).

In order to prevail under Section 1983, an inmate must show that the "defendants knew of the danger that the plaintiff faced, not whether a reasonable person should have known." *Birch*, 2003 WL 21210107, at *3 (citing *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)). While a prisoner can prove knowledge of impending harm by demonstrating that he or she alerted prison officials to an identifiable threat, a prisoner can also show the existence of so substantial a risk of harm that the defendants' knowledge of the risk can be inferred. *Id.* (citing *Farmer*, 511 U.S. at 848). A risk is obvious where a prisoner can show the risk to be long-standing, pervasive, well-documented, or that it has been expressly noted by prison officials in the past. *Farmer*, 511 U.S. at 842.

This Court will first address request number ten. As stated above, request number ten seeks information regarding all disciplinary reports, investigative reports, grievances, internal affairs investigations, and other similar documents which refer to any allegation of sexual contact between female prisoners and male correctional officers. Defendants' primary argument against disclosure of the information contained is that such information would be too burdensome to collect for a single incident. The exact burden is not delineated. This Court must balance the burden of production versus the probability of finding relevant material. After balancing the interests of both the Defendants and Plaintiff, this Court accepts Defendants assertion that the request, which

---

[3] The Seventh Circuit has defined "deliberate indifference" as being reckless in a criminal, subjective sense; that is, disregarding a risk of danger so substantial that knowledge of the danger can be inferred. *See James v. Milwaukee County*, 956 F.2d 696, 700 (7th Cir), *cert. denied*, 506 U.S. 818 (1992).

7

encompasses all twenty-seven department facilities housing over forty three thousand inmates, is overly broad and burdensome. Number ten will apply only to the Dixon Correctional Center. If, as Defendants contend, the incidents of sexual allegations brought by female prisoners against male correctional employees are infrequent, then such information should not be difficult to gather from the records of the Dixon Correctional Center. These documents are reasonably calculated to lead to discoverable material because if Plaintiff can show a risk to be long-standing, pervasive, well-documented or has been expressly noted by prison officials in the past, then Plaintiff may be successful. *Farmer*, 511 U.S. at 842.

Turning to request number eleven, Plaintiff seeks all studies, investigations, reports, and other similar documents which refer to or reflect the incidence of sexual contact between female prisoners and male correctional employees. Request number eleven is mostly redundant and varies very little from request number ten. Plaintiff asks for investigative reports and disciplinary reports which refer to any allegation of sexual contact between female prisoners and male correctional officers in request number ten, and then turns around in request number eleven and asks for investigations and reports which refer to any incidence of sexual contact between female prisoners and male correctional officers. The only notable difference between request numbers ten and eleven is that request number eleven also seeks studies which reflect incidences of sexual contact between female prisoners and male correctional officers. Studies, however, is not defined. Without such a definition, the ambiguity of the term "studies" would encompass a vast amount of material. Therefore, with regards to the seeking of investigations and reports, this Court finds request number eleven redundant and denies Plaintiff's request. With regards to the seeking of "studies," this Court finds request number eleven ambiguous and denies Plaintiff's request without prejudice. Plaintiff

8

may define "studies" and resubmit request number eleven with such a definition.

Finally, this Court grants Plaintiff's Motion to Compel as to the Internal Affairs Report and Photo Array listed on Defendants' 26(a)(1) disclosures, Plaintiff's request number nine, and the IDOC list of cases involving allegations of sexual assault between correctional officers and female prisoners system wide. Defendants have provided no valid objection to these materials and this Court finds there would be little burden on the Defendants in producing them.

Due to the sensitive nature of the material requested by Plaintiff, this Court orders the following: 1) Plaintiff's counsel may discuss with Plaintiff the material produced in response to the request but is not to give the documents to the Plaintiff; and 2) all the documents disclosed by Defendants to Plaintiff's counsel are to be used only for this litigation and are to be returned after this litigation has concluded.

## Conclusion

For the above stated reasons, Plaintiff's Motion to Compel is granted in part and denied in part. All disclosures ordered by this Court are to be made within a reasonable time.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 6/18/03

9