# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50178 | **DATE** | 6/22/2004 |
| **CASE TITLE** | SMITH vs. STERNES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 6-23-04 date docketed | 43 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 6-23-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | DW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Rose Smith ("plaintiff") brought suit against defendants, including John Mekeel ("defendant"), pursuant to 42 U.S.C. §1983. This court has jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff claims that the defendant sexually assaulted her while he was assigned to guard her at Dixon Correctional Center. Defendant moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, claiming that the statute of limitations had expired when he was named as a defendant in the amended complaint. Plaintiff contends the statute of limitations had tolled, preserving her ability to name Mekeel as a defendant, requiring this court to deny his motion to dismiss pursuant to Rule 12(b)(6). The applicable statute of limitations for §1983 claims is the period for personal injury torts. Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir. 1989). That period is two years in Illinois. Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir. 1998).

Under Rule 12(b)(6), a motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support her claim for relief. Kennedy v. Nat'l Juvenile Detention Ass'n., 187 F.3d 690, 694 (7th Cir. 1999). The correct inquiry is "whether it is possible to imagine proof of the critical facts consistent with the allegations of the complaint." United States Gypsum Co. v. Indiana Gas Co., Inc. et al., 350 F.3d 623, 628 (7th Cir. 2003). All statements of fact in the complaint are taken as true and all reasonable inferences must be drawn in favor of the non-movant. Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002). The statute of limitations, an affirmative defense, cannot be resolved via a Rule 12(b)(6) motion where the allegations themselves do not demonstrate the claim is time-barred. United States Gypsum Co., 350 F.3d at 626; see also Scholl v. Rogers Ready Mix, 2004 U.S. Dist. LEXIS 6146 (N.D.Ill. Apr. 12, 2004) (Reinhard, J.).

Here, while on the face of plaintiff's amended complaint it appears her claim against Mekeel is time-barred, she relies on two theories to preclude application of the statute of limitations. She first contends the statute of limitations should be tolled while she pursued the administrative grievance procedure. Second, she asserts that the statute of limitations should be equitably tolled because she was unable to identify Mekeel despite her due diligence to do so.

Both theories depend on factual matters outside the amended complaint. Thus, while the court considers the theories, it cannot consider the facts. Accordingly, the court cannot dispose of the statute of limitations defense pursuant to Rule 12(b)(6). Therefore, defendant's motion to dismiss is denied without prejudice to the statute of limitations defense being raised via a summary judgment motion if otherwise proper.