# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50178 | **DATE** | 12/6/2004 |
| **CASE TITLE** | Smith vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Renewed Motion to Compel

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's Renewed Motion to Compel is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | 12-7-04 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | | 12/6/2004 date mailed notice |
| AM courtroom deputy's initials | | | GG |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 53

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| ROSE MARIE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 50178 |
| | ) | |
| WARDEN JERRY STERNES, ASSISTANT | ) | Philip G. Reinhard |
| WARDEN STEVE WENNMAKER, | ) | P. Michael Mahoney |
| ASSISTANT WARDEN CYNTHIA | ) | |
| WILLIAMS, MARY RASMUSSEN, | ) | |
| Correctional Officer MARSHALL and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Rose Marie Smith ("Plaintiff") filed a Renewed Motion to Compel Production of Documents on November 24, 2004, requesting an order compelling Warden Jerry Sternes, Assistant Warden Steve Wennmaker, Assistant Warden Cynthia Williams, Mary Rasmussen, Correctional Officer Marshall, and John Doe (collectively "Defendants") to respond to Plaintiff's Production Request #10. Defendants filed their Response to Plaintiff's Renewed Motion to Compel on December 2, 2004. For the following reasons, Plaintiff's Motion to Compel is denied.

## Background

On May 26, 2000, while incarcerated at Dixon Correctional Center in Dixon, Illinois, Plaintiff alleges that she was taken from her cell in the middle of the night and raped by a correctional officer. (Compl. at ¶1). On August 10, 2001, Plaintiff filed a nine count complaint against Defendants alleging: an Eighth Amendment violation for rape (Count I); Failure to protect Plaintiff in violation of her Eighth Amendment rights (Counts II & III); Assault and Battery (Count

IV); Sexual Abuse (Count V); Intentional Infliction of Emotional Distress (Count VI); Negligent Failure to Protect (Counts VII & VIII); and Due Process Violation (Count IX).

On October 24, 2002, delivered with Plaintiff's Rule 26(a)(1) disclosures, Plaintiff allegedly served Defendants' counsel with Plaintiff's Request for Production of Documents. Defendants served their responses to Plaintiff's Request for Production of Documents on December 18, 2002, objecting to paragraphs nine through thirteen. On April 24, 2003, Plaintiff filed a Motion to Compel. Though broader in scope than Plaintiff's current Motion to Compel before the court, Plaintiff's original Motion was granted in part and denied in part on June 18, 2003. Relevant to the current Motion, Defendants were ordered to produce under Plaintiff's Document Request #10, which requested:

> All disciplinary reports, investigative reports, incident reports, grievances, internal affairs investigations, and other similar documents which refer to or reflect any allegation of sexual contact between female prisoners and male correctional employees in the Illinois Department of Corrections from May, 1995 through May 25, 2000.

(Pl.'s Req. Produc. Docs., p. 2-3). However, after balancing the burden of production versus the probability of finding relevant material, the scope of Plaintiff's request was narrowed by the court from documentation for the entire IDOC to documentation for the Dixon facility only. The court found that it would not be difficult to gather from the records of the Dixon Correctional Center (as opposed to the entire IDOC) and noted that the narrowed request was reasonably calculated to lead to discoverable material because Plaintiff may be successful if she can show a risk to be long-standing, pervasive, well-documented, or expressly noted by prison officials in the past. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Defendants apparently complied with the court's Order and

produced documentation for five incidents of violations at the Dixon Correctional facility for the period of May, 1995 to May, 2000. (Pl.'s Renewed Mot. Compel, at 3).

A.  **Plaintiff's Pending Motion to Compel**

Plaintiff now moves the court to compel production under document request #10 for the entire IDOC. Plaintiff asserts that new information justifies her Motion, which in effect, asks the court to reverse its original finding on the proper scope of Plaintiff's discovery. Specifically, Plaintiff offers the results of two prison surveys about sexual assault, four interviews with women prisoners alleging sexual assault, and a newspaper article relating five incidents of sexual assault as evidence pointing to the IDOC's failure to take reasonable steps to protect Plaintiff from rape.

The survey results offered by Plaintiff are from two different studies. The first analysis submitted reflects a survey of approximately 118 women prisoners at Dixon Correctional Facility. Eleven women prisoners responded to the survey, stating they had either been sexually assaulted or had knowledge of a sexual assault of another prisoner. (Pl.'s Renewed Mot. Compel, at 4). The second survey was sent to 2,444 women prisoners incarcerated in the IDOC. This survey yielded seventy completed responses. Sixteen percent of those prisoners returning surveys indicated they had been sexually threatened or assaulted in prison. (Pl.'s Renewed Mot. Compel, at 4).

The newspaper article submitted by Plaintiff was published August 11, 2001, in the Pantagraph. It relates five alleged incidents of correctional officers sexually assaulting prisoners at the Dwight Correctional facility. Likewise, the interviews put forth by Plaintiff are of four women prisoners who claim to have been assaulted in the Dwight Correctional facility. One prisoner has filed a civil complaint, another has a case pending in the Unites States District Court for the Central

District of Illinois, and the other two prisoners have filed grievances regarding their assaults.

Plaintiff also re-attached reports that the court considered in Plaintiff's original Motion to Compel from Human Rights Watch and Amnesty International, which break down complaints made by female prisoners. Finally, in support of her Motion, Plaintiff asserts that the IDOC makes no attempt to screen male officers assigned to guard female prisoners, referencing Defendants' Answer to Plaintiff's Request for Production of Documents, #9, which states that no "[p]sychological, psychiatric, and other similar tests, policies or procedures, or other similar documents, used to screen males who apply for employment or who are being considered for assignment to positions in which male correctional employees may come into contact with female prisoners" exist. (Pl.'s Renewed Mot. Compel, Ex. 9).

It is Plaintiff's position that this new evidence shows a likelihood that a more extensive search by the IDOC would yield further relevant discovery of allegations of sexual contact between female prisoners and male correctional employees in the IDOC. Plaintiff argues that prior incidents of sexual abuse are relevant to her case because such prior incidents of rape, and Defendants' knowledge of those incidents, forms the very basis of Plaintiff's failure to protect claim and her ability to show deliberate indifference to a well documented risk. Plaintiff further states it would not be burdensome for Defendants to produce under Request #10 because a similar request was complied with by the IDOC for a Human Rights Watch Report published in 1996. (Pl.'s Renewed Mot. Compel, at 5, 10).

B. Defendants' Response

Defendants object to request number ten as being irrelevant, overly broad, unduly

4

burdensome, and security sensitive, arguing that Defendants cannot be responsible for gathering documents from other institutions besides the Dixon Correctional Facility. Further, Defendants argue that Plaintiff's Requests are irrelevant to her case because Plaintiff's case is "clearly a case brought by one inmate, at one facility, regarding one alleged incident of excessive force." (Def.'s Response to Pl.'s Mot., para. 6).

## Discussion

Federal Rule of Civil Procedure 26(b) states, in pertinent part, that parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Rule 37(a)(2)(B) enforces this obligation by providing "if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested . . . or the discovering party may move for an order . . . compelling inspection in accordance with the request ." Fed. R. Civ. P. 37(a)(2)(B).

In order to properly determine whether Plaintiff's requests are discoverable, this Court again turns to Plaintiff's complaint, which contains an Eighth Amendment and failure to protect claim. The Eighth Amendment imposes a duty on prison officials to "take reasonable steps to protect prisoners from attacks by other prisoners." *Birch v. Jones*, 2003 WL 21210107, at *2 (N.D. Ill. May 21, 2003)(citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). While not every inmate-on-inmate attack raises the specter of a constitutional violation, an Eighth Amendment violation does exist

where there is "deliberate indifference[1] by prison officials [which] effectively condones the attack by allowing it to happen." *Id.* (citing *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996)).

In order to prevail under Section 1983, an inmate must show that the "defendants knew of the danger that the plaintiff faced, not whether a reasonable person should have known." *Birch*, 2003 WL 21210107, at *3 (citing *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)). While a prisoner can prove knowledge of impending harm by demonstrating that he or she alerted prison officials to an identifiable threat, a prisoner can also show the existence of so substantial a risk of harm that the defendants' knowledge of the risk can be inferred. *Id.* (citing *Farmer*, 511 U.S. at 848). A risk is obvious where a prisoner can show the risk to be long-standing, pervasive, well-documented, or that it has been expressly noted by prison officials in the past. *Farmer*, 511 U.S. at 842.

As stated above, request number ten seeks information regarding all disciplinary reports, investigative reports, grievances, internal affairs investigations, and other similar documents which refer to any allegation of sexual contact between female prisoners and male correctional officers. Defendants' primary argument against disclosure is that such documentation goes far beyond the discovery relevant to Plaintiff's case, and thus, is too burdensome to produce. The court agreed with Defendant when it last ruled on Plaintiff's original Motion to Compel, noting that the court needed additional information regarding the likelihood that a more extensive search would yield relevant

---

[1] The Seventh Circuit has defined "deliberate indifference" as being reckless in a criminal, subjective sense; that is, disregarding a risk of danger so substantial that knowledge of the danger can be inferred. *See James v. Milwaukee County*, 956 F.2d 696, 700 (7th Cir.), *cert. denied*, 506 U.S. 818 (1992).

6

information. The issue, then, is whether the new evidence submitted by Plaintiff demonstrates that her discovery requests are likely to lead to admissible evidence.

After reviewing the new evidence, the court remains unpersuaded by Plaintiff's argument. The statistics from Plaintiff's surveys do not carry much weight. The Dixon survey does not necessarily contradict the documented five incidents of assault at Dixon already produced by Defendants as the Dixon survey consisted of eleven women stating they had been assaulted *or they had knowledge of others being assaulted*. The number discrepancy could, therefore, be due to over lap of the incidents. As to the IDOC survey of 2,444 inmates, only 70 individuals responded, and only 16 percent of those (approximately 11) indicated they had been sexually violated. Likewise, the five incidents of sexual assault at Dwight reported by the Pantagraph newspaper and the four women interviewed about their allegations of assault at Dwight is not enough to tip the scales in Plaintiff's favor. Thus, despite the additional information provided, the court continues to find that Plaintiff has not met her burden to show that a system-wide search for documentation of sexual assaults in the IDOC is likely to turn up evidence relevant to Plaintiff's case.

## Conclusion

For the above stated reasons, Plaintiff's Renewed Motion to Compel is denied.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/6/04